IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIA L. BROWN,
Plaintiff,

v.

STATE'S ATTORNEY FOR BALTIMORE CITY
IVAN BATES, 2024;
MARILYN MOSBY, 2015–2023;
GREG L. BERNSTEIN, 2010–2015
120 East Baltimore Street, Baltimore, MD 21202

CLERK OF THE CIRCUIT COURT FOR BALTIMORE CITY
XAVIER CONAWAY
111 North Calvert Street, Baltimore, MD 21202

CIRCUIT COURT FOR BALTIMORE CITY
HON. AUDREY J.S. CARRRION, Administrative Judge
HON. KENDRA Y. AUSBY, Judge
HON. JOHN ADDISON HOWARD, Judge
HON. CHRISTOPHER PANOS, Judge
HON. SYLVESTER COX, Judge
HON. DANA MIDDLETON, Judge
HON. JENNIFER SCHIFFER, Judge
HON. YOLANDA TANNER, Judge
111 North Calvert Street, Baltimore, MD 21202
Defendants.

**Complaint for a Civil Case**

Case no. SAG 25-CV-2775

**Jury Trial Requested**

### COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND DAMAGES RELIEF

**I. Jurisdication and Venue**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and federal civil rights laws, specifically 42 U.S.C. § 1983.
2. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within this District.

1

## II. Short and Plain Statement of the Case

3. Plaintiff Tia L. Brown brings this action under 42 U.S.C. § 1983 against State prosecutors, court clerks, and judges of the Baltimore City Circuit Court for violations of her constitutional rights, including due process, access to courts, and the right to parent her child.

4. Defendants collectively enforced void and inactive custody orders, suppressed exculpatory evidence, denied emergency hearings, and engaged in judicial and prosecutorial misconduct that caused irreparable harm to Plaintiff and her child.

5. Plaintiff seeks declaratory relief, injunctive relief to prevent further enforcement of void orders, vacatur of unconstitutional orders, and compensatory and punitive damages from non-immune defendants.

## III. Statement of Facts

1. In August 2010, Plaintiff's infant son was taken by his father, grandmother, and attorney Anitha Johnson. Plaintiff sought emergency relief in Baltimore but was denied an emergency hearing. Clerks informed her that emergency-only jurisdiction was unavailable in Baltimore City.

2. On September 7, 2010, Judge Martin Welch denied a protective order, forced Plaintiff to sign a temporary consent agreement under duress, and did not require disclosure of the child's location.

3. After securing the return of her son, Plaintiff sought jurisdiction in Kentucky and protective orders there due to ongoing safety concerns. Maryland clerks and attorneys coordinated to block emergency relief.

4. On February 17, 2011, Judge John Addison Howard presided over Maryland custody proceedings. Plaintiff challenged jurisdiction but was not granted a hearing; instead, Judge Howard found Plaintiff's testimony not credible, refused to consider duress, and granted sole custody to the father and ordered Plaintiff to bring the child to Maryland. Plaintiff immediately filed a motion to reconsider and stay, which was ignored.

5. The father, with the assistance of his Maryland attorney, secured a warrant alleging that Plaintiff had violated the Maryland order, even though her motion to stay the order was still pending and a Kentucky custody action had been filed. U.S. Marshals were present at the Kentucky hearing to enforce the warrant, preventing Plaintiff from attending. She was

      subsequently arrested at her Kentucky home, and her child was removed on his first birthday. Plaintiff had not yet received notice that the Maryland order had been registered, and the order was neither affirmed by the Kentucky court.

6. Plaintiff retained Maryland counsel, but Greg L. Bernstein misrepresented indictment status, suppressing evidence that no grand jury had considered the case.

7. In 2011, Judge Yolanda Tanner presented a plea arrangement: because Plaintiff refused to plead guilty, the Judge declared that she had sufficient evidence to find Plaintiff guilty but would strike the guilty finding after one year. Plaintiff never received a trial. This coerced plea later impacted her parental rights, as subsequent Baltimore custody proceedings treated it as a conviction.

8. In 2017, Judge Christopher Panos used the prior coerced plea to justify finding Plaintiff guilty of detaining her child out of state for alleged events during 2016–2017, despite the prior Maryland family case being administratively closed and dismissed. Panos had been one of the last judges to rule in the family case and should have recused himself. He refused to admit the case history into evidence.

9. The 2017 conviction was overturned on appeal. Plaintiff was tried a second time in November 2019 before Judge Sylvester Cox, who ignored motions requesting grand jury transcripts and systematically delayed rulings. Judge Dana Middleton presided over post-conviction proceedings, intentionally delaying a ruling on a motion to compel grand jury transcripts until after the post-conviction trial date, ultimately denying access despite statutory requirements. The State admitted in November 2024 that no witness testified before the grand jury.

10. Between 2010 and 2024, clerks deliberately obstructed Plaintiff's access to the courts by delaying case file progression and failing to set timely hearings. After 2015, clerks either removed or allowed the removal of records reflecting the dismissal of the family case, never replacing them. Multiple default judgments were nullified as hearings were never scheduled and no orders were issued.

11. Judges Sylvester Cox, Dana Middleton, Jennifer Schiffer, Christopher Panos, John Addison Howard, and Yolanda Tanner participated despite conflicts or failed to recuse, issued nunc pro tunc orders concealing prior case closure, accepted coerced plea agreements, and delayed motions, creating structural due process violations.

12. State prosecutors, including Marilyn Mosby (2017–2019) and Ivan Bates (after 2020), collectively suppressed exculpatory evidence, misrepresented indictment status, and

failed to remedy structural defects even after November 2024 admissions by Assistant State's Attorney Jennifer McAllister.

### IV. Combined Claims for Relief and Requested Relief

**Count I – Due Process Violations (42 U.S.C. § 1983)**

- Declaratory relief that enforcement of void orders, denial of emergency hearings, and other procedural irregularities violated Plaintiff's constitutional rights.
- Injunction against enforcement of void or misrepresented orders.
- Vacatur of all orders entered after September 2015 derived from unconstitutional proceedings.

**Count II – Denial of Access to Courts (42 U.S.C. § 1983)**

- Compel proper maintenance of records, timely hearings, and enforcement of defaults.
- Declaratory relief confirming that the obstruction violated constitutional rights.

**Count III – Prosecutorial Misconduct (42 U.S.C. § 1983)**

- Compel disclosure of grand jury records.
- Compensatory and punitive damages from non-immune defendants.
- Injunctive relief preventing enforcement of orders based on suppressed or misrepresented evidence.

**Count IV – Judicial Bias and Misconduct (42 U.S.C. § 1983)**

- Declaratory relief recognizing structural violations due to conflicts of interest and recusals was ignored.
- Vacatur of orders issued by conflicted or biased judges.
- An injunction requiring future proceedings to be presided over by a neutral judge.
- Appointment of an impartial tribunal to review custody and related matters.

**Count V – Comprehensive Relief**

- Stop enforcement of all orders issued after September 2015 derived from structural defects.
- Award compensatory and punitive damages.

4

- Declaratory relief recognizing ongoing constitutional violations.
- Any additional relief the Court deems just and proper.

### V. Supporting Records

- Plaintiff possesses extensive case records, dockets, correspondence, protective orders, consent agreements, and motions from 2010 to 2024.
- Due to length, these are not attached but are available upon the Court's request or in supplemental filings.

### VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare Defendants' actions unconstitutional.
2. Vacate and enjoin the enforcement of all void or unconstitutional orders.
3. Compel disclosure of grand jury records and other suppressed evidence.
4. Award compensatory and punitive damages against non-immune defendants.
5. Appoint a neutral judge or tribunal to review custody matters.
6. Grant any further relief the Court deems just and proper.

### VII. Certifications and Closings

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case. Signed this 22nd Day of August 2025.

Tia Brown, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on this August 22, 2025, a true and correct copy of the Complaint for Violation of Civil Rights and Notice of Filing was served upon the following defendants via certified mail or electronically, to the extent service by mail is authorized under Federal Rules of Civil Procedure:

1. State's Attorney for Baltimore City (Greg L. Bernstein/Marily Mosby/ Ivan Bates)
120 East Baltimore Street, Baltimore, MD 21202

2. Xavier Conaway, Clerk of the Circuit Court for Baltimore City
111 North Calvert Street, Baltimore, MD 21202

3. Administrative Judge Audrey J.S. Carrion
111 North Calvert Street, Baltimore, MD 21202

4. Judge John Addison Howard
111 North Calvert Street, Baltimore, MD 21202

5. Judge Christopher Panos
111 North Calvert Street, Baltimore, MD 21202

6. Judge Sylvester Cox
111 North Calvert Street, Baltimore, MD 21202

7. Judge Dana Middleton
111 North Calvert Street, Baltimore, MD 21202

8. Judge Jennifer Schiffer
111 North Calvert Street, Baltimore, MD 21202

9. Judge Yolanda Tanner
111 North Calvert Street, Baltimore, MD 21202

10. Judge Kendra Y. Ausby
111 North Calvert Street, Baltimore, MD 21202

Respectfully Submitted,

*Tia L. Brown* (signature)

Tia L. Brown, Pro Se
7216 Chestnut Tree Lane
Louisville, KY 40291
TLBrown422@gmail.com
(502) 510-0841