**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**


TIA L. BROWN,                                    *
                    *Plaintiff*,
                                                 *

        v.

IVAN BATES, *ET. AL.*,                           *        Case No. 1:25-cv-02775-SAG
                    *Defendants*,
                                                 *


        *       *       *       *       *       *       *       *       *       *       *       *       *

## PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff respectfully submits this surreply, with leave of Court, to address new arguments raised for the first time in Defendants' Reply, including Defendants' characterization of Plaintiff's claims as purely retrospective, their assertion that no ongoing violation existed at the time of filing, and their contention that mandamus or appellate remedies were meaningfully available. This surreply is narrowly tailored to those issues.


## I. DEFENDANTS' IMMUNITY ARGUMENT MISCHARACTERIZES PLAINTIFF'S ALLEGATIONS OF ONGOING VIOLATIONS AND PERSONAL INVOLVEMENT

Defendants reiterate their claim to immunity by characterizing Plaintiff's claims as retrospective and by asserting that the Amended Complaint does not allege facts supporting individual-capacity liability. That framing is incorrect. The Amended Complaint alleges ongoing constitutional violations arising from continued reliance on allegedly defective proceedings, denial of meaningful access to court review, and deficiencies in the maintenance and availability

1

of court records—conditions attributable to Defendants' conduct in handling records and in managing (ECF No. 14 ¶¶ 1–3, 8–15, 99; ECF No. 21 at 2–4, 6, 9).

These violations persist in ongoing and related proceedings, including custody matters that continue to rely on the same challenged record and procedural history. The continuing effects of the criminal proceedings shape present custody determinations, while critical documents remain missing from the family court record. In addition, Plaintiff alleges not simply that the State has refused to produce grand jury transcripts, but that it has acknowledged that no such transcripts can be located. The absence of these materials—coupled with Defendants' roles in maintaining, withholding, or failing to account for them—impairs Plaintiff's ability to identify and present claims and to obtain a fair opportunity to be heard, reinforcing her denial-of-access-to-courts claim.

Because these conditions remain operative and subject to correction by current officials, Plaintiff seeks prospective relief to remedy ongoing violations, placing her claims within the doctrine of Ex parte Young. At the same time, the Amended Complaint alleges specific actions by Defendants relating to the handling of records and other procedural actions affecting the progression and review of Plaintiff's cases, which are sufficient at the pleading stage to support individual-capacity claims.

## II. DEFENDANTS' RELIANCE ON MANDAMUS AND APPELLATE REMEDIES DOES NOT DEFEAT PLAINTIFF'S CONSTITUTIONAL CLAIMS

Defendants newly assert that Plaintiff could have pursued mandamus or appellate remedies in state court to address the alleged procedural deficiencies. That argument does not defeat Plaintiff's claims. Mandamus and appellate review are mechanisms to address errors within a

proceeding; they are not substitutes for relief from ongoing constitutional violations under 42 U.S.C. § 1983.

Plaintiff's claims do not seek review of discrete rulings, but challenge continuing conditions that impair access to meaningful judicial process, including deficiencies in the record and the absence of materials necessary to identify and present claims. As alleged, those conditions have persisted across proceedings and continue to affect Plaintiff's ability to obtain meaningful review. (ECF No. 14 ¶¶ 13–15, 69–70, 92–94; ECF No. 21 at 6, 8–9).

The existence of theoretical state remedies does not defeat a federal claim where structural barriers prevent a litigant from effectively invoking those remedies or obtaining meaningful relief. Because the alleged deficiencies affect Plaintiff's ability to access and utilize the judicial process itself, they give rise to a continuing constitutional violation that is properly addressed under § 1983.

## III. THE SURREPLY CONFIRMS THAT DISMISSAL REMAINS UNWARRANTED

Defendants' Reply does not undermine the core allegations of the Amended Complaint: ongoing denial of due process, interference with access to the courts, and continuing procedural irregularities affecting fundamental rights. As explained above, the existence of theoretical avenues of relief does not defeat Plaintiff's claims where structural barriers render such remedies practically unavailable. The right of access to the courts guarantees a meaningful opportunity to present claims, not merely the formal existence of procedures that cannot be effectively invoked.

3

When accepted as true, Plaintiff's allegations establish ongoing constitutional violations that continue to impair her ability to obtain meaningful judicial review. Accordingly, these allegations plausibly state claims for relief under 42 U.S.C. § 1983.

**CONCLUSION**

For the foregoing reasons, Defendants' Reply does not cure the deficiencies in their Motion to Dismiss. Plaintiff has plausibly alleged ongoing constitutional violations, including the denial of due process, interference with meaningful access to the courts, and continuing procedural irregularities that impair her ability to obtain substantive judicial review.

Defendants' attempt to recharacterize these claims as addressing only past conduct is unavailing. The Amended Complaint alleges continuing conditions that remain operative at the time of filing and thereafter, and that are subject to prospective relief. Moreover, the existence of theoretical remedies does not defeat Plaintiff's claims where structural barriers render such remedies practically unavailable.

Because Plaintiff's allegations, accepted as true, establish ongoing violations of federal rights and seek appropriate prospective relief, dismissal at this stage is unwarranted.

Accordingly, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

*[signature]*

4

Tia Brown
Plaintiff, Pro Se
7216 Chestnut Tree Lane
Louisville, KY 40291
TLBrown422@gmail.com
502-510-0841

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2026, a copy of the foregoing Plaintiff's Opposition to Motion to Dismiss And Supporting Memorandum, along with her proposed order was served by electronic means via the Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice, including Attorneys for the Defendants, Rachel L. Stewart and Rachel L. Shiff.

Tia Brown

_____
Tia Brown, *Pro Se*

5